IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

KENNETH W. WILLIAMS, )
)
   Plaintiff/Third-Party Plaintiff, )
)
vs. ) Case No. CJ-2004-1655
) Judge Deborah Shallcross
DAVID E. BOGGS, and )
SUE RUCKER BOGGS, )
)
   Defendants/Third-Party Plaintiffs, )
)
vs. )
)
TERRY HYATT and HYATT )
PROPERTIES, INC., )
)
   Third-Party-Defendants. )

DISTRICT COURT
F I L E D
SEP - 6 2005
SALLY H. SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## AMENDED PETITION AND THIRD-PARTY PETITION

### I.

### AMENDED PETITION

Plaintiff Kenneth W. Williams ("Williams"), for his Amended Petition against Defendants David E. Boggs and Sue Rucker Boggs ("the Boggs"), alleges and states as follows:

### PARTIES AND VENUE

1. Both Williams and the Boggs reside in Tulsa, Oklahoma and the Boggs resided in Tulsa County at the time that the cause of action pleaded herein arose. As a consequence, venue is appropriate under 12 O.S. 2001, §139.

### STATEMENT OF FACTS

2. Williams and the Boggs are parties to the Contract of Sale Of Real Estate dated April 23, 2003 (the "Sales Contract"), whereby the Boggs agreed to sell the residence located at 5009 East 117th Street in Tulsa (the "Subject Residence") to the Williams. The sale of the Subject Residence



EXHIBIT 1

was closed on or about May 20, 2003 and Williams now resides at the Subject Residence. The Sales Contract incorporates, at Paragraph 6 thereof, the "Oklahoma Real Estate Commission ("OREC") Residential Property Condition Disclosure Statement" that the Boggs executed on December 10, 2002 (the "Disclosure Statement"), and delivered to Williams on or about April 21, 2003. The purchase price at closing was Eight Hundred Thirty-Five Thousand One Hundred Forty-Eight Dollars ($835,148.00). A true and correct copies of the Disclosure Statement is attached hereto and made a part hereof as Exhibit "A."

3. In the Disclosure Statement, the Boggs represent that all of the fireplaces in the Subject Residence are in normal working order. In fact, the fireplaces were not in normal working order and such fact was within the Boggs' knowledge at the time of the delivery of the Disclosure Statement to Williams. the fireplaces were constructed with flues of reduced size that allowed the emission of carbon monoxide into rooms of the Subject Residence. In addition, the Boggs did not state that the fireplaces were intended to only burn gas logs except in the family room. Finally, the Boggs falsely misrepresented their lack of knowledge of repairs to the fireplaces.

4. Later, in a tour of the Subject Residence, David Boggs stated to Williams that the fireplace in the basement burned wood.

5. The cost of restoring the fireplaces at the Subject Residence to normal working order exceeds Four Hundred Nineteen Thousand Dollars ($419,000.00).

## FIRST CLAIM FOR RELIEF

6. The Boggs' statements regarding the fireplaces were false misrepresentations and were the suggestion as a fact of that which the Boggs did not believe to be true and such statements were made for the purpose of inducing Williams to enter into and consummate the Sales Contract.

Williams in fact relied upon such statements in entering into and consummating the Sales Contract, to his detriment in the amount of at least Four Hundred Nineteen Thousand Dollars ($419,000.00). The cost of repair of the fireplaces is more than one-half the purchase price of the Subject Residence. The fireplace defects are such fundamental defects (the Subject Residence has five fireplaces) that Williams would not have been required to, and indeed would not have, consummated the purchase had such defects been disclosed, even if an allowance for repairs had been made.

7. For the reasons set forth in the preceding paragraph, the Boggs' actions constitute fraud in the inducement and deceit, for which they are liable to the Williams for actual damages exceeding Four Hundred Nineteen Thousand Dollars ($419,000.00) and for exemplary damages of at least Eight Hundred Thirty-Eight Thousand Dollars ($838,000.00), pursuant to 23 O.S. 2001, § 9.1(C).

## SECOND CLAIM FOR RELIEF

8. For his Second Claim for Relief, Williams incorporates the allegations in paragraphs 1-5 above.

9. The Boggs' statements regarding the working order of the fireplaces were negligent misrepresentations upon which Williams relied in entering into and consummating the sales contract to his detriment in the amount of at least Four Hundred Nineteen Thousand Dollars ($419,000.00).

## THIRD CLAIM FOR RELIEF

10. For his Third Claim for Relief, Williams incorporates the allegations in paragraphs 1-4 above.

11. The fireplaces in the subject residence were not constructed in accordance with the Tulsa County Building Code, Section 1001-Masonry Chimneys ("Building Code").

12. The Defendants had a duty of care to the Plaintiff as a subsequent purchaser to repair the fireplaces to meet the Building Code, which they failed to do.

13. The negligence of the Defendants in failing to repair the fireplaces to meet the Building Code was the proximate cause of the injury to Plaintiff for actual damages exceeding Four Hundred Nineteen Thousand Dollars ($419,000.00).

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Williams pray for judgment against the Boggs as follows:

(A) On the First Claim for Relief, for actual damages exceeding Ten Thousand Dollars ($10,000.00) and for exemplary damages pursuant to statute;

(B) On the Second Claim for Relief, for actual damages exceeding Ten Thousand Dollars ($10,000.00);

(C) On the Third Claim for Relief, for actual damages exceeding Ten Thousand Dollars ($10,000.00); and

(D) for the costs of this action, and for such other relief as may be appropriate.

## II.

## THIRD-PARTY PETITION

Plaintiff, Kenneth W. Williams, for his Third-Party Petition against the Third-Party Defendants, Terry Hyatt ("Hyatt") and Hyatt Properties, Inc. (Hyatt Properties"), alleges and states:

14. Terry Hyatt and Hyatt Properties, Inc. were employed by the Defendants to build the home at 5009 E. 117th Street, Tulsa, Oklahoma (the "Home"). The Home was negligently

constructed and repaired because the masonry fireplaces were not built to accord with Tulsa County Residential Building Code, Section 1001-Masonry Chimneys (the "Code").

15. This failure created a hazardous condition for any owner of the Home and their invitees.

16. Hyatt and Hyatt Properties became aware of the defect and the failure to conform to the Building Code, but by subsequent repairs failed to correct the condition and to comply with the applicable provisions of Code

17. The Plaintiff who purchased the Home from the Defendants, has been damaged in an amount not less than $417,000.00.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE

18. Hyatt and Hyatt Properties were negligent in the construction and repair of the Home in that they violated legal duties imposed upon builders by the common law:

   a. they violated the applicable provisions of the Building Code;

   b. they deviated from industry standards;

   c. they had a duty of reasonable care to the Plaintiff to construct the Home in compliance with the Building Code.

   d. they knew or should have known that the defects in the Home would pose serious risks of physical harm to the Plaintiff.

19. These breaches of duty proximately caused harm to the Plaintiff.

## SECOND CLAIM FOR RELIEF: NEGLIGENCE PER SE

20. Hyatt and Hyatt Properties violated the Code.

21. This violation caused an unreasonably dangerous condition in the Home of a type intended to be prevented by the Code.

22. The Plaintiff is one of the class of persons for whose protection and benefit the Code was designed.

23. The Plaintiff has suffered damages proximately produced by this neglect or failure to comply with the Code.

WHEREFORE, Plaintiff prays for judgment against Terry Hyatt and Hyatt Properties, for his damages, costs and other just relief.

_____
Laurence L. Pinkerton, OBA #7168
J. David Jorgenson, OBA #4839
PINKERTON & FINN, P.C.
15 East 5th Street
Penthouse Suite
Tulsa, Oklahoma 74103-4367
(918) 587-1800
(918) 582-2900 - Fax

## CERTIFICATE OF SERVICE

I, Laurence L. Pinkerton, do hereby certify that on the 6th day of September, 2005, I caused to be mailed a true and correct copy of the above and foregoing *Amended Petition and Third-Party Petition*, with proper postage thereon fully prepaid, to:

>Mark A. Smiling, Esq.
>THE SMILING LAW FIRM
>9175 S. Yale, Suite 300
>Tulsa, Oklahoma 74137
>
>Douglas L. Boyd, Esq.
>1717 E. Fifteenth Street
>Tulsa, Oklahoma 74104-4656

_____